UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KATHLEEN BURKE,<br><br>               Plaintiff,<br><br>     v.<br><br>NANCY A BERRYHILL, Deputy Commissioner of Social Security for Operations,<br><br>               Defendant. | CASE NO. 3:17-CV-05931-DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff Kathleen Burke filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in his assessment of medical opinion evidence from Dr. Shannon Ledesma, Ph.D. Had the ALJ properly considered Dr. Ledesma's opinion, the residual functional capacity ("RFC") may

have included additional limitations. The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Deputy Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On August 15, 2011, Plaintiff filed an application for DIB, alleging disability as of February 1, 2011. *See* Dkt. 6, Administrative Record ("AR") 17. The application was denied upon initial administrative review and on reconsideration. *See* AR 17. The Social Security Administration ("SSA") has held two ALJ hearings and issued two ALJ decisions in this matter. ALJ Verrell Dethloff held the first hearing on October 17, 2012. AR 42-54. In a decision dated December 19, 2012, ALJ Dethloff determined Plaintiff to be not disabled. AR 14-41. Plaintiff appealed ALJ Dethloff's decision to the United States District Court for the Western District of Washington ("Court"), which affirmed ALJ Dethloff's decision. *See* AR 482-84, 487-90. Thereafter, Plaintiff appealed the Court's decision to the Ninth Circuit Court of Appeals, which reversed and remanded the matter to the Court with instructions to remand the ALJ's decision to the Commissioner. *See* AR 487-90. The Court subsequently remanded the case to the Commissioner for further consideration. AR 497-98.

On remand, ALJ Tom L. Morris held the second hearing in this matter on March 23, 2017. AR 387-445. In a decision dated August 30, 2017, ALJ Morris found Plaintiff to be not disabled. AR 362-83. Plaintiff did not file written exceptions with the Appeals Council, making

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

the August 30, 2017 decision the final decision of the Commissioner. 20 C.F.R. § 404.981, § 416.1481. Plaintiff now appeals ALJ Morris's August 30, 2017 decision.[1]

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred: (1) in his assessment of the medical opinion evidence; (2) by failing to fully and fairly develop the administrative record; and (3) by providing legally insufficient reasons to reject Plaintiff's subjective symptom testimony. Dkt. 10.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I. Whether the ALJ properly considered medical opinion evidence from Dr. Ledesma.**

Plaintiff maintains the ALJ erred in his assessment of medical opinion evidence from examining physician, Dr. Ledesma. Dkt. 10, pp. 10-12.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035,

---

[1] When stating "the ALJ" or "the ALJ's decision" throughout this Order, the Court is referencing ALJ Morris and his August 30, 2017 decision.

1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Dr. Ledesma conducted a psychological evaluation of Plaintiff on October 31, 2011. AR 264-68. As part of her evaluation, Dr. Ledesma conducted a mental status examination of Plaintiff. AR 264, 265-66. At the end of her evaluation, Dr. Ledesma opined:

> [Plaintiff] currently does not appear to have the ability to withstand the pressures associated with day-to-day work activity and she may not be able to carry out work-related activities with adequate pace and perseverance. She does not have the ability to interact appropriately with others including supervisors and coworkers and could not be expected to maintain a regular work schedule or complete a normal work day without interruptions due to her difficulty managing pain and her mood.

AR 267.

The ALJ discussed Dr. Ledesma's opinion and assigned it "little weight," explaining:

> (1) While [Dr. Ledesma] also opines that the claimant cannot maintain a regular schedule, this is based in part on the claimant's complaints of pain, which is outside the scope of Dr. Ledesma's evaluation. (2) Notably, despite opining such drastic limitations, the claimant was able to work above substantial gainful activity levels after this opinion was rendered, (3) and reported that speaking to people on the phone was a regular part of her job.  While the claimant alleged to have some increase in stress when people yelled at her over the phone, she otherwise reported no significant social problems. (4) The drastic limitations opined by Dr. Ledesma are inconsistent with her own exam findings showing that while the claimant was somewhat anxious and had impaired concentration, she was pleasant and cooperative, had a good fund of knowledge and memory, and could perform a multi-step command. (5) The limitations opined by Dr. Ledesma are further inconsistent with the general lack of mental health treatment in the record.

AR 374 (numbering added).

1   The ALJ provided five reasons for discounting Dr. Ledesma's opinions, none of which
2   were specific and legitimate or supported by substantial evidence in the record.[2]

3   First, the ALJ discounted Dr. Ledesma's opinion that Plaintiff cannot maintain a regular
4   work schedule because Dr. Ledesma based this opinion "in part" on Plaintiff's complaints of
5   pain. AR 374. Dr. Ledesma is not a medical doctor. Accordingly, the ALJ could discount Dr.
6   Ledesma's opinions regarding Plaintiff's physical limitations. *See* 20 C.F.R. § 404.1527(c)(5)
7   ("We generally give more weight to the opinion of a specialist about medical issues related to his
8   or her area of specialty than to the opinion of a source who is not a specialist."). However, this
9   reasoning is not applicable to Dr. Ledesma's conclusion regarding Plaintiff's psychological
10  conditions. *See Anderson v. Colvin*, 223 F. Supp. 3d 1108, 1121-21 (D. Or. 2016). Dr. Ledesma
11  stated Plaintiff could not be expected to maintain a regular work schedule or work day "due to
12  her difficulty in managing pain *and* her mood." AR 267 (emphasis added). Thus, while the ALJ
13  validly discounted the part of Dr. Ledesma's assessment that was based on Plaintiff's pain, the
14  ALJ failed to explain how that reasoning invalidated Dr. Ledesma's opinion regarding Plaintiff's
15  mood. As such, this was not a specific, legitimate reason, supported by substantial evidence, for
16  giving limited weight to Dr. Ledesma's opinion.

17  Second, the ALJ discounted Dr. Ledesma's opinion because Plaintiff performed work
18  above substantial gainful activity ("SGA") levels after Dr. Ledesma rendered her opinion. AR
19  374. At the first step of the sequential evaluation, the ALJ assesses whether the claimant is
20  engaging in SGA. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaging in SGA, she is not
21  disabled. *Id.*; *see also* 42 U.S.C. § 423(d)(1)(A). Part-time work can constitute SGA if the work

---

[2] Plaintiff contends the ALJ was required to provide "clear and convincing" reasons to reject Dr. Ledesma's opinion. *See* Dkt. 10, pp. 10-12. However, the Court finds the ALJ's reasons for rejecting Dr. Ledesma's opinion fail to meet even the lesser standard of "specific and legitimate."

results in average earnings in excess of SGA amounts. *Katz v. Sec'y of Health & Human Servs.*, 972 F.2d 290, 292 (9th Cir. 1992). By contrast, when determining the most work a claimant can perform, the SSA generally assesses whether the claimant can perform an eight-hour workday, five days per week, or an equivalent work schedule. *See* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *1 (an RFC is an assessment of a claimant's ability to do work-related activities eight-hours a day, five days per week, or an equivalent work schedule); *see also* SSR 83-10, 1983 WL 31251, at *5-6 (1983) (defining work exertional levels in terms of an eight-hour workday).

Hence, SSA guidance and relevant case law recognize a distinction between SGA activity which precludes benefits and potential SGA based on a claimant's RFC. *Compare* 20 C.F.R. § 404.1520(a)(4)(i) *with* SSR 96-8p, 1996 WL 374184, at *1; *see also Martinez v. Berryhill*, 721, Fed. Appx. 597, 601 (9th Cir. 2017) (noting that even if a claimant could "work a few hours per day, punctuated by frequent rest breaks," this "abbreviated work schedule would not constitute the ability to engage in substantial gainful activity"); *Ratto v. Sec'y of Health and Human Servs.*, 839 F. Supp. 1415, 1430-31 (D. Or. 1993) (collecting cases on the eight-hour workday standard and observing the "distinction between present substantial gainful activity and potential substantial gainful activity").

In this case, the ALJ found Plaintiff performed work above SGA levels in 2014 and 2015. AR 367. The ALJ suggested Plaintiff's ability to perform work above SGA levels contradicted Dr. Ledesma's opinion that Plaintiff cannot perform a regular work schedule or complete a normal workday. *See* AR 374. Notably, however, Plaintiff testified that she began performing part-time work from her home in December 2013, working about 20 to 24 hours per week. *See* AR 396, 398, 413. Accordingly, Plaintiff's ability to perform part-time work is not inconsistent

with Dr. Ledesma's opinion that Plaintiff "could not be expected to maintain a *regular* work schedule or complete a *normal* work day" without interruptions from her pain or mood. AR 267 (emphasis added); *see also Mulanax v. Comm'r of Soc. Sec. Admin.*, 293 Fed. Appx. 522, 523 (9th Cir. 2008) (citing SSR 96-8p) ("Generally, in order to be eligible for disability benefits under the Social Security Act, the person must be unable to sustain full-time work – eight hours per day, five days per week."). Therefore, the ALJ's second reason for rejecting Dr. Ledesma's opinion was improper.

Third, the ALJ discounted Dr. Ledesma's opinion because Plaintiff reported that speaking to people on the phone was part of her part-time job. AR 374. An ALJ may discount a physician's findings if those findings appear inconsistent with a plaintiff's daily activities. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Here, while Plaintiff testified that one aspect of her part-time job is speaking to people over the phone, Dr. Ledesma opined Plaintiff "does not have the ability to interact appropriately with others including supervisors and coworkers[.]" *See* AR 267, 396, 412. The ALJ equated Plaintiff's ability to speak over the phone with her ability to interact with people face-to-face in workplace interactions, but provided no reasoning to show how these abilities are equivalent. *See* AR 374. It is a conclusion without analysis. Thus, the Court cannot determine whether the ability to talk over the phone is inconsistent with the opined limitation. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to [his] conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."). As such, this was not a valid reason to reject Dr. Ledesma's opinion.

Fourth, the ALJ determined the "drastic limitations" Dr. Ledesma opined were inconsistent with her mental status examination. AR 374. An ALJ may reject an opinion that is

"inadequately supported by clinical findings." *Bayliss*, 427 F.3d at 1216 (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)). But an ALJ cannot use a conclusory statement to reject a doctor's findings; rather, the ALJ must state his interpretations and explain why they, rather than the doctors' interpretations, are correct. *See Embrey*, 849 F.2d at 421-22.

Here, the ALJ noted that while Plaintiff was "somewhat anxious" and had "impaired concentration," she was otherwise "pleasant and cooperative, had a good fund of knowledge and memory, and could perform a multi-step command." AR 374. Yet the ALJ failed to explain how these findings from the mental status examination were inconsistent with the doctor's opinion. This was error. *See Embrey*, 849 F.2d at 422 (an ALJ cannot merely state facts the ALJ claims "point toward an adverse conclusion and make[] no effort to relate any of these objective factors to any of the specific medical opinions and findings [he] rejects"). The Court also notes the mental status examination showed Plaintiff was more impaired than the ALJ suggested. *See, e.g.*, AR 265-66 (Plaintiff "was agitated and tearful," "had some difficulty staying focused," and "could not perform serial 7's without several mistakes"); *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) (an ALJ may not properly reject a medical opinion based on a selective reliance of the evidence). Thus, in all, the ALJ's fourth reason for rejecting Dr. Ledesma's opinion was not specific and legitimate nor supported by substantial evidence in the record.

Lastly, the ALJ stated Dr. Ledesma's opined limitations were inconsistent with Plaintiff's lack of mental health treatment. AR 374. The Ninth Circuit has held "the fact that [the] claimant . . . did not seek treatment for a mental disorder until late in the day is not a substantial basis on which to conclude that [a physician's] assessment of claimant's condition is inaccurate." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). This is particularly true given that those afflicted with depression "often do not recognize that their condition reflects a

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8

potentially serious mental illness." *Id.* (citation omitted); *see also Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989) ("it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation"). Moreover, the ALJ failed to explain how the fact that Plaintiff failed to seek treatment for her mental conditions conflicts with Dr. Ledesma's findings. Therefore, the ALJ's decision to give Dr. Ledesma's opinion little weight because Plaintiff failed to seek treatment was not a specific and legitimate reason for doing so. *See Nguyen*, 100 F.3d at 1465; *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted) ("the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence").

The ALJ failed to provide any specific and legitimate reason, supported by substantial evidence in the record, to give Dr. Ledesma's opinion little weight. As such, the ALJ erred.

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

In this case, had the ALJ properly considered Dr. Ledesma's opinion, the RFC and hypothetical questions posed to the vocational expert may have contained additional limitations. For instance, the RFC and hypothetical questions may have reflected Dr. Ledesma's opinion that

Plaintiff does not have the ability to interact appropriately with others, including supervisors and coworkers. *See* AR 267. The RFC and hypothetical questions may have also provided Plaintiff could not maintain a regular work schedule or complete a normal workday. AR 267. The RFC and hypothetical questions did not contain these limitations. *See* AR 370, 435, 439-43. As the ultimate disability decision may have changed with proper consideration of Dr. Ledesma's opinion, the ALJ's error is not harmless and requires reversal. *See Molina*, 674 F.3d at 1115.

> II. **Whether the ALJ fully and fairly developed the record, provided legally sufficient reasons to discount Dr. Ramnish Mandrelle's opinion, and properly rejected Plaintiff's testimony.**

Plaintiff alleges the ALJ erred by failing to fully and fairly develop the record, as Plaintiff alleged disability through December 31, 2016 and the record lacked medical evidence beyond January 22, 2013. Dkt. 10, pp. 2-4. In addition, Plaintiff alleges the ALJ erred in his assessment of medical opinion evidence from Dr. Ramnish Mandrelle, M.D., M.P.H., and Plaintiff's subjective symptom testimony. *Id.* at 4-17.

The Court has determined remand is necessary due the ALJ's harmful errors regarding opinion evidence from Dr. Ledesma. *See* Section I., *supra*. In light of the inevitable remand, the Court declines to consider whether the ALJ failed to fully and fairly develop the record. Instead, the Court directs the ALJ to allow Plaintiff to supplement the record on remand with additional medical evidence. *See Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995) (citations omitted) (the "claimant bears the burden of proving" the "ultimate issue of disability"). Furthermore, the Court directs the ALJ to reassess all evidence as necessary on remand – including the opinion evidence from Dr. Mandrelle and Plaintiff's subjective symptom testimony – in light of any additional medical evidence and proper consideration of Dr. Ledesma's opinion.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 12th day of July, 2018.

David W. Christel
United States Magistrate Judge